# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| KATHRYN JENKINS,<br><br>  Plaintiff,<br><br>v.<br><br>SUNRISE VETERINARY HOSPITAL, LLC, and ANNE ROBERTS,<br><br>  Defendants. | CIVIL ACTION FILE NO:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff KATHRYN JENKINS brings this action for damages and other relief against Defendants SUNRISE VETERINARY HOSPITAL, LLC and ANNE ROBERTS and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"), against all Defendants and for breach of contract under Georgia law against Defendant Sunrise Veterinary Hospital, LLC.

## PARTIES

2. Plaintiff Kathryn Jenkins ("Ms. Jenkins" or "Plaintiff") is a citizen of Georgia.

3. Defendant Sunrise Veterinary Hospital, LLC ("Sunrise") is a Georgia company licensed to conduct business in Georgia.

4. Sunrise's principle office is located at 3295 Shelby Lane, Jasper, Georgia 30134.

5. Sunrise may be served with process by delivering a copy of the Summons and this Complaint to its registered agent, Anne Roberts, located at 318 Long Road, Ranger, Georgia 30737. Sunrise is subject to personal jurisdiction in this Court.

6. Anne Roberts ("Ms. Roberts," and together with Sunrise, "Defendants") is a natural person and may be served with process wherever she may be found. Ms. Roberts is subject to personal jurisdiction in this Court.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over Ms. Jenkins' FLSA claims pursuant to 28 U.S.C. § 1331 because they raise questions of federal law.

8. The Court has jurisdiction over Ms. Jenkins' state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

9. Ms. Jenkins' state law claims arise out of a common nucleus of operative fact as her federal claims for unpaid minimum and overtime wages under the FLSA because both claims arise out of Defendants' wage and hour policies and practices.

10. Under 28 U.S.C. § 1391 and Local Rule 3.1(B)(3), venue is proper because a substantial part of the events or omissions giving rise to Ms. Jenkins' claims occurred in Jasper, Georgia which is located within the Gainesville Division of the Northern District of Georgia.

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS EMPLOYED MS. JENKINS

11. Sunrise operates a veterinary hospital, offering in-patient and at-home visits.

12. Sunrise provides medical treatment to animals in Georgia and North Carolina.

13. Sunrise qualifies as an "employer" within the meaning of the FLSA.

14. Sunrise is a covered enterprise under the FLSA.

15. Sunrise's gross sales or business done exceeds $500,000.00 annually.

16. Sunrise is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

17. Sunrise employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce.

18. On occasion, Sunrise's veterinarians and other workers travel to North Carolina to provide treatment to Sunrise's patients.

19. Sunrise orders and receives products from outside the state of Georgia.

20. Sunrise's employees regularly handle materials that were manufactured outside the state of Georgia while performing their job duties.

21. Sunrise's employees regularly use personal protective equipment, medicine, and syringes manufactured outside the state of Georgia while performing their job duties.

22. Sunrise uses the internet to advertise its services and communicate with its customers and vendors across state lines.

23. Sunrise employed Ms. Jenkins as that term is defined by the FLSA.

24. Sunrise hired Ms. Jenkins.

25. Sunrise terminated Ms. Jenkins.

26. Sunrise maintained Ms. Jenkins' employment records.

27. Sunrise set Ms. Jenkins' work schedule.

28. Sunrise regularly evaluated Ms. Jenkins' performance.

29. Sunrise paid Ms. Jenkins' wages.

30. Ms. Roberts qualifies as an "employer" within the meaning of the FLSA.

31. Ms. Roberts employed Ms. Jenkins within the meaning of the FLSA.

32. Ms. Roberts owns Sunrise, in whole or in part.

33. Ms. Roberts is Sunrise's hospital manager.

34. Throughout Ms. Jenkins' entire employment, Ms. Roberts supervised Ms. Jenkins.

35. During Ms. Jenkins' entire tenure, she reported to Ms. Roberts.

36. Ms. Roberts set Ms. Jenkins' work schedule.

37. At all times relevant to this Complaint, Ms. Roberts had the ability to fire Ms. Jenkins.

38. At all times relevant to this Complaint, Ms. Roberts had the ability to discipline Ms. Jenkins.

39. Ms. Roberts provided Ms. Jenkins with performance evaluations.

40. Ms. Roberts set Sunrise's pay policies.

41. Ms. Roberts enforced Sunrise's pay policies.

42. Defendants jointly employed Ms. Jenkins under the FLSA.

43. While employed by Defendant, Ms. Jenkins was an individually covered employee under the FLSA.

44. By way of example, Ms. Jenkins regularly administered medication to patients who had traveled across state lines in conducting her job duties.

**FACTS SUPPORTING MS. JENKINS' CLAIMS FOR FLSA VIOLATIONS**

45. Ms. Jenkins worked for Defendants as a veterinary assistant.

46. Ms. Jenkins' job duties included taking care of patients and assisting doctors in care and in surgery.

47. Ms. Jenkins began working for Defendants on June 3, 2019.

48. Ms. Jenkins worked for Defendants at the veterinary hospital located at 295 Shelby Lane, Jasper, Georgia 30143.

49. Defendants terminated Ms. Jenkins on May 1, 2020.

50. Defendants compensated Ms. Jenkins at an hourly rate of $17.25.

51. Ms. Jenkins' typical work schedule had her work Monday through Friday one week, then Monday, Tuesday, Thursday, Friday, and Saturday the following week.

52. On the days she worked, her shift was to begin at 9 AM and end at 6 PM.

53. Ms. Jenkins was required to arrive to work by 8:30 AM each day.

54. Ms. Jenkins frequently began working before, and continued working after, her typical schedule.

55. Defendants tracked Ms. Jenkins' work time via an electronic time clock.

56. Defendants used V-Tech Platinum as its timekeeping system.

57. Ms. Jenkins used an employee-specific login to track her time in Defendants' time keeping system.

58. Ms. Jenkins regularly worked in excess of 40 hours per workweek for Defendants.

59. Defendants knew Ms. Jenkins worked in excess of 40 hours because, among other reasons, she was regularly scheduled to work more than 40 hours per workweek.

60. Defendants also knew Ms. Jenkins worked more than 40 hours in certain workweeks because she logged more than 40 hours in certain workweeks in Defendants' timekeeping system.

61. Further, Defendants paid Ms. Jenkins for hours over 40 in a workweek, but only at her straight-time rate.

62. Defendants never compensated Ms. Jenkins at one and one-half times her regular rate of pay for hours worked in excess of 40 in a workweek.

63. Ms. Jenkins asked Ms. Roberts about the lack of overtime pay, to which Ms. Roberts responded that Sunrise did not have to pay Ms. Jenkins her overtime rate for hours in excess of 40 in a workweek.

64. In addition, Defendants intentionally modified Ms. Jenkins' time records to reduce Defendants' labor costs.

65. Defendants removed time from Ms. Jenkins' hours prior to paying her wages.

66. In removing time from Ms. Jenkins' time records prior to paying her wages, Defendants on occasion removed enough hours to result in Ms. Jenkins being compensated less than $7.25 per hour for all hours worked in a workweek.

67. Defendants failed to maintain accurate records of Ms. Jenkins' hours worked in violation of the FLSA's recordkeeping requirement.

68. Defendant's practices resulted in Ms. Jenkins working hours in excess of 40 per week for which she was not compensated at one and one-half times her regular rate of pay.

69. Defendants knew or should have known that Ms. Jenkins worked hours in excess of 40 during certain workweeks in which she was not properly compensated.

70. Defendants' practices resulted in Ms. Jenkins working hours for which she was not compensated at the federally mandated minimum wage of $7.25 per hour.

71. Defendants knew or should have known that Ms. Jenkins worked hours for which she was not compensated at the federally mandated minimum wage of $7.25 per hour.

**FACTS SUPPORTING MS. JENKINS' BREACH OF CONTRACT CLAIM AGAINST SUNRISE**

72. Sunrise employed Ms. Jenkins to perform work as a veterinary assistant.

73. Sunrise had a contract with Ms. Jenkins to pay her at a specific hourly rate for work she performed on behalf of Defendants.

74. Ms. Jenkins performed work on behalf of Defendants.

75. Despite Sunrise's contractual obligations, Sunrise refused to pay Ms. Jenkins the agreed-upon hourly rate for all hours she performed work on behalf of Defendants.

76. Thus, Sunrise breached its contract with Ms. Jenkins.

**COUNT 1: FAILURE TO PAY OVERTIME WAGES**

77. Plaintiff worked more than 40 hours per week during certain workweeks while employed by Defendants.

78. Defendants failed to compensate Plaintiff for all hours worked, including those in excess of 40 per workweek.

79. Defendants failed to compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked over 40 during certain workweeks.

80. Defendants suffered or permitted Plaintiff to work hours in excess of 40 during certain workweeks.

81. Defendants knew or should have known that Plaintiff worked in excess of 40 hours during certain workweeks.

82. Defendants knew Plaintiff worked more than 40 hours during certain workweeks but chose not to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over 40 per workweek.

83. Defendants violated the FLSA's overtime provision willfully and with reckless disregard for Plaintiff's rights.

84. Pursuant to U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorneys' fees and costs of litigation.

**COUNT 2: FAILURE TO PAY MINIMUM WAGE**

85. Plaintiff performed work for Defendants for which she was not compensated at least the federal minimum wage.

86. During certain workweeks, Defendants failed to compensate Plaintiff at least the federal minimum wage ($7.25 per hour) for all hours worked.

87. Defendants suffered or permitted Plaintiff to work hours at which she was not compensate at least the federal minimum wage.

88. Defendants knew or should have known that Plaintiff worked hours for which she was not compensated at least the federal minimum wage.

89. Defendants violated the FLSA's minimum wage provision willfully and with reckless disregard for Plaintiff's rights.

90. Pursuant to U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid minimum wages, liquidated damages, and attorneys' fees and costs of litigation.

### COUNT 3: BREACH OF CONTRACT AGAINST DEFENDANT SUNRISE

91. Sunrise had a contractual obligation to pay Plaintiff for all hours worked.

92. Sunrise failed to pay Plaintiff at the agreed-upon rate for all hours worked.

93. Each time Sunrise failed to pay Plaintiff the agreed-upon wage for all hours worked, Sunrise breached its contractual agreement with Plaintiff.

94.   As a result of Sunrise's breach of contract, Sunrise is liable to Plaintiff for wages due to Plaintiff for hours worked that remain unpaid at the contractually-specified rate.

95.   Sunrise also breached the duty of good faith and fair dealing, which is implied in every contract entered into or to be performed in the State of Georgia, including by altering Plaintiff's time records and by knowingly failing to pay her for all hours worked.

96.   Any and all conditions precedent to Plaintiff's bringing this lawsuit have been fulfilled, satisfied, or waived.

**DEMAND FOR JUDGMENT**

Plaintiff respectfully requests that the Court:

(a)   Declare that Defendants violated the FLSA;

(b)   Enter judgment against Defendants that they violated the FLSA and, further, that its violations were willful;

(c)   Declare that Defendant Sunrise breached its contract with Plaintiff;

(d)   Enter judgment against Defendant Sunrise that it breached its contract with Plaintiff;

(e)   Enter a monetary judgment against Defendants, including:

    i)   Unpaid straight-time wages;

      ii)     Unpaid overtime wages at one and one-half times Plaintiff's regular rate of pay;

      iii)    Unpaid minimum wages;

      iv)    Liquidated damages in an amount equal to Plaintiff's unpaid wages;

      v)     Other compensatory damages suffered by Plaintiff, in an amount to be proven at trial;

      vi)    Reasonable costs and attorneys' fees;

      vii)   Prejudgment interest;

      viii)  Post-judgement interest; and,

(f)    Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial.

Respectfully submitted: July 29, 2020.

                                                  */s/ William S. Cleveland*
                                                  Jennifer K. Coalson
                                                  Georgia Bar No. 266989

**PARKS, CHESIN & WALBERT, P.C.**   jcoalson@pcwlawfirm.com
75 Fourteenth Street, 26th Floor         William S. Cleveland
Atlanta, GA 30309                              Georgia Bar No. 721593
T: (404) 873-8000 | F: (404) 873-8050   wcleveland@pcwlawfirm.com

*Counsel for Plaintiff*